UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSHONDA D. BYRDO, and JERRY
W. BYRDO,

    Plaintiffs,

v.                                                       Case No. 13-14816
                                                       Hon. Lawrence P. Zatkoff

HOUSEHOLD FINANCE CORPORATION III,
HFC BENEFICIAL, and HSBC ET AL.,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 2, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Household Finance Corporation III's Motion for Judgment on the Pleadings [dkt. 5]. Plaintiffs have not responded to Defendant's Motion. The Court ordered Plaintiffs to show cause why this case should not be dismissed for their failure to respond to Defendant's Motion for Judgment on the Pleadings [dkt. 6]. The deadline for responding to the Court's order to show cause has elapsed without a response from Plaintiffs. Notwithstanding Plaintiffs' abandonment of this matter, the Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motion is GRANTED.

## II. BACKGROUND

The subject of this matter is real property located at 24245 Murray, Clinton Township, Michigan 48035 (the "Property"). Roshonda D. Byrdo and Jerry W. Byrdo ("Plaintiffs") obtained the Property by way of a note in the amount of $246,066.54 secured by a mortgage (the "Mortgage"). On May 15, 2007, Plaintiffs contacted Defendant Household Finance Corporation III ("HFC") with the intent of refinancing their obligations related to the Property. At the time, Plaintiffs allege the Property was subject to three liens prioritized as follows: (1) Countywide; (2) First Franklin; and (3) AmeriFirst Home Improvement ("AmeriFirst"). Plaintiffs claim that although they were willing to proceed with the refinancing process, HFC refused on the grounds that AmeriFirst would not agree to subordinate its interest in the Property. Plaintiffs next allege, however, that on June 23, 2007, HFC represented that it had secured a subordination agreement from AmeriFirst, thereby allowing Plaintiffs to complete the refinancing process. As a result, Plaintiffs entered into a new mortgage with HFC (the "Refinanced Mortgage") on June 26, 2007.

On April 12, 2013, Plaintiffs claim they discovered that HFC did not obtain the subordination agreement from AmeriFirst as so represented. On October 25, 2013, Plaintiffs filed suit against HFC, HFC Beneficial, and "HSBC Et al." in Macomb Circuit Court. Their single-count complaint for "Mortgage Fraud" alleged the following:

> Defendant failed to secure the subordination agreement as stated by [Defendant's] agent per MCL 595.391. [Defendant's] agent made false statements, misrepresented material fact and deliberately concealed and failed to disclose material facts during the lending process. [Defendant's] agent acting on behalf of HFC, knowingly and willfully used inaccurate title work documents and caused such documents to be filed with the Macomb County Register of Deeds of which [Defendant's] agent knew contained deliberate material omission of facts regarding the lien status on [Plaintiffs'] home. The Defendant caused the Plaintiffs to sign mortgage refinance documents that were inaccurate based upon [Defendant's] misrepresentation of facts.

Dkt. 1, Ex. 1, p. 5.  Plaintiffs request (a) "an invalidation of the mortgage agreement and all documents relating to the refinance dated June 26, 2007," (b) the filing of a "release of lien from Household Finance" for the Property, (c) that the Court "[l]egally file Amerifirst Home Improvement as the first and only lien holder of record for [Plaintiffs'] home," and (d) "compensatory damages for mortgage payments received under the fraudulent Mortgage agreement in the amount of $160,011.00 along with court costs and fees."  *Id*.

On November 22, 2013, HFC timely removed the matter to this Court under diversity jurisdiction, and it now moves for entry of judgment on the pleadings pursuant to Fed. Rule Civ. P. 12(c).

### III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The manner of review under Rule 12(c) is the same as a review under [Fed. R. Civ. P.] 12(b)(6) . . . ."  *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006) (quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)).  A motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims.  The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor.  *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992).  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999).  Therefore, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative

level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), this Court may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 12.34[2] (3d ed. 2000). Furthermore, a district court "may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Center, Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In the instant matter, any exhibits considered from outside the pleadings are public records, and therefore the Court will consider HFC's motion without converting it to a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

### A. Defendants HFC Beneficial and "HSBC, Et al."

Plaintiffs filed the instant cause of action on October 25, 2013, in Macomb Circuit Court, naming HFC, HFC Beneficial, and "HSBC, Et al." as Defendants. The Court, noting that HFC Beneficial and "HSBC, Et al." had not been served and had not filed an answer or other responsive pleading in this Court or any other Court, ordered Plaintiffs to show cause why their cause of action should not be dismissed for failure to prosecute as it relates to Defendants HFC Beneficial and "HSBC Et al." *See* Dkt. # 6. The deadline for responding to the Court's order to show cause elapsed without a response from Plaintiffs. As such, it appears that Plaintiffs have abandoned their claims against HFC Beneficial and "HSBC, Et al."

Even if Plaintiffs have not abandoned their claims against HFC Beneficial and "HSBC, Et al.," the Court finds that these claims should be dismissed. Indeed, it appears no company

exists by the name "HFC Beneficial" or "HSBC, Et al." While HFC acknowledges affiliations with entities that may include the monikers "Beneficial" or "HSBC," none of those companies are named "HFC Beneficial" or "HSBC, Et al.," respectively, and none of them are related to the allegations in this action which pertain solely to HFC.

Accordingly, the Court concludes that Defendants HFC Beneficial and "HSBC, Et al."—to the extent such entities even exist—shall be dismissed from this action with prejudice.

**B.  Plaintiffs' Claim is Barred by the Statute of Limitations**

Plaintiffs' mortgage fraud claim stems from allegations that HFC falsely represented that it obtained a subordination agreement in regard to lien-holder AmeriFirst's interest in the Property. HFC contends that it is entitled to judgment on the pleadings because Plaintiffs' claim is untimely as a matter of law. Plaintiffs have not responded to HFC's motion. As such, Plaintiffs have abandoned this claim. Even if Plaintiffs have not abandoned their claim, the Court agrees with HFC.

Michigan has a six-year statute of limitations for fraud claims, unless the cause of action was fraudulently concealed, in which case a fraud claim may be commenced within two years after it was discovered or should have been discovered. *See Boyle v. General Motors Corp.*, 468 Mich. 226, 230 n. 3 (2003). The statute of limitations commences "from the date of the fraudulent act." *Id*. Plaintiffs claim that on June 23, 2007, HFC represented that it had secured a subordination agreement from AmeriFirst. Plaintiffs entered the Refinanced Mortgage on June 26, 2007. Therefore, absent fraudulent concealment of the cause of action, Plaintiffs had until June 26, 2013, to file an action alleging fraud based on any representations relating to their Refinanced Mortgage. Plaintiffs filed this action on October 25, 2013. Consequently, this action is untimely.

Moreover, Plaintiffs have failed to demonstrate fraudulent concealment of the cause of action such that the statute limitations would instead begin to run when Plaintiffs claim to have discovered the alleged fraud on April 12, 2013. Indeed, HFC could not conceal the fact that a subordination agreement was not recorded because such records were publicly available at the Macomb County Register of Deeds.

For the reasons set forth above, the Court concludes that Plaintiffs' fraud claim is barred by the six-year statute of limitations and therefore Plaintiffs' complaint must be dismissed.

**C.     Plaintiffs Failed to Plead Fraud with the Requisite Particularity**

HFC argues that even if Plaintiffs' fraud claim was timely, Plaintiffs' claim is fatally flawed because they failed to plead fraud with the requisite level of particularity. Plaintiffs have not responded to HFC's motion. As such, Plaintiffs have abandoned this claim. Even if Plaintiffs have not abandoned their claim, the Court agrees with HFC.

Fed. R. Civ. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." A fraud claimant's pleadings must:

(1) point to a particular allegedly fraudulent statement;
(2) identify who made the statement;
(3) plead when and where the statement was made; and
(4) explain what made the statement fraudulent.

*Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 253 (6th Cir. 2012). In the instant matter, Plaintiffs merely claim that HFC's "agent" made the allegedly fraudulent statement that a subordination agreement was obtained from AmeriFirst. Such an allegation fails to identify who made the statement. Plaintiffs also fail to explain what made the statement fraudulent, as Plaintiffs do not allege that a subordination agreement was never obtained by HFC, but rather that it was never recorded. Consequently, Plaintiffs' pleadings are fatally flawed under federal law.

Under Michigan law, the following elements are required to establish fraud:

(1) that the defendant made a material representation;
(2) that it was false;
(3) that when the defendant made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion;
(4) that the defendant made it with the intention that it should be acted upon by the plaintiff;
(5) that the plaintiff acted in reliance upon it; and
(6) that the plaintiff thereby suffered injury as a result.

*See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976) (quoting *Candler v. Heigho*, 208 Mich. 115, 121 (1919)). "Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; *the absence of any one of them is fatal to recovery*." *Id*. (emphasis added). Plaintiffs cannot demonstrate the fifth and sixth elements of fraud, and therefore their claim fails as a matter of law.

Plaintiffs allege that while they were willing to proceed with the refinancing process, it was HFC that refused to refinance because AmeriFirst would not subordinate its interest in the Property. Plaintiffs next allege that HFC obtained a subordination agreement from AmeriFirst, which ultimately allowed Plaintiffs to enter into the Refinanced Mortgage. As a result, Plaintiffs fail to satisfy the fifth element on the grounds that they were not induced to enter into the Refinanced Mortgage by HFC's representation regarding the subordination agreement. Rather, Plaintiffs were always willing to refinance the Mortgage and any alleged misrepresentation on the part of HFC merely removed an obstacle to the Plaintiffs' ultimate goal of obtaining the Refinanced Mortgage.

Plaintiffs also fail to satisfy the sixth element—damages. In this case, the subordination agreement only affected the priority of a preexisting lien. It is undisputed that Plaintiffs owed a debt to AmeriFirst that was secured by the Property. The only effect of the subordination agreement between HFC and AmeriFirst would be that AmeriFirst's interest in the Property was

given lower priority than that of HFC's interest. In other words, because only the lienholders' interests were affected by the subordination agreement, Plaintiff suffered no injury as a result of any alleged misrepresentation.

For the reasons set forth above, the Court finds: (a) Plaintiffs failed to plead fraud with the requisite particularity, and (b) Plaintiffs' fraud claim fails as a matter of law. Therefore, the Court concludes that HFC is entitled to judgment on the pleadings.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that HFC Beneficial and HSBC, Et al. are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that HFC's Motion for Judgment on the Pleadings [dkt. 5] is GRANTED.

IT IS FURTHER ORDERED that the Court's Order to Show Cause [dkt. 6] is DISMISSED.

IT IS FURTHER ORDERED that Plaintiffs' cause of action is DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED:   December 2, 2014

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE